LONGYEAR & LAVRA, LLP
Van Longyear, CSB No. 84189
Nicole M. Cahill, CSB No. 287165
3620 American River Drive, Suite 230
Sacramento, CA 95864
Phone: (916) 974-8500
Facsimile: (916) 974-8510

Attorneys for Defendant, COUNTY OF SACRAMENTO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR BROPHY, | Case No.: |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (a)** |
| COUNTY OF SACRAMENTO and DOES 1 THROUGH 50, inclusive, | Complaint Filed: 01/15/2020 |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant COUNTY OF SACRAMENTO hereby removes the above-captioned action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California. Removal is based upon, *inter alia,* on the following grounds:

1.      On or about January 15, 2020, above-captioned Plaintiff commenced an action in the Sacramento County Superior Court of the State of California entitled *Taylor Brophy v. County of Sacramento*, Sacramento County Superior Court Case No. 34-2020-00273451 against Defendant County of Sacramento.

/ / /

/ / /

2.      Plaintiff has filed proofs of service of summons and complaint in the state court reflecting service on or about January 22, 2020 of the named defendant.  No answer or responsive pleading to the Complaint has been filed by defendant in this action.  A copy of the Complaint and all documents served on Defendant in the state court action are attached here as **Exhibit A**.

3.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1331 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(a), as Plaintiff asserted claims for relief in the Complaint pursuant to the U.S. Constitution and 42 U.S.C. section 1983.  This Court also has supplemental jurisdiction of Plaintiff's pendent state law causes of action pursuant to 28 U.S.C. § 1367.

4.      Based on the foregoing, this Court has jurisdiction over this action.  Accordingly, this action is properly removed.


Dated: February 21, 2020                         LONGYEAR & LAVRA, LLP


                                                 By:  /s/ Nicole M. Cahill
                                                     VAN LONGYEAR
                                                     NICOLE M. CAHILL
                                                     Attorneys for Defendant,
                                                     COUNTY OF SACRAMENTO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

FILED
Superior Court Of California,
Sacramento

01/15/2020

apenn

By_____, Deputy

Case Number:
34-2020-00273451

1   Keith D. Cable, Esq., CA SBN 170055
    **CABLE LAW, APC**
2   101 Parkshore Drive, Suite 100
    Folsom, CA 95630
3   Telephone:   (916) 608-7995
    Facsimile:   (916) 608-7986
4
    Attorneys for Plaintiff
5   TAYLOR BROPHY

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SACRAMENTO

10
    TAYLOR BROPHY,                        )   Case No.:
11                                        )
                 Plaintiff,               )   **COMPLAINT FOR DAMAGES**
12                                        )
    vs.                                   )   **[AMOUNT DEMANDED EXCEEDS**
13                                        )   **$25,000]**
    COUNTY OF SACRAMENTO and DOES 1-      )
14  50, inclusive,                        )   **DEMAND FOR JURY TRIAL**
                                          )
15               Defendants.              )
                                          )
16  _____)                **BY FAX**

                                  <u>**COMPLAINT**</u>
17
          Plaintiff TAYLOR BROPHY complains of Defendant COUNTY OF SACRAMENTO
18
    and DOES 1-50, and each of them, and alleges as follows:
19
          1.     At all times relevant, Plaintiff TAYLOR BROPHY (hereinafter "Plaintiff") was,
50
    and is, a resident of Sacramento County, California.
21
          2.     At all times relevant, Defendant COUNTY OF SACRAMENTO is a
22
    municipality duly organized under the laws of the State of California. Defendant COUNTY

                                          1

                        COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1 | OF SACRAMENTO is responsible for Plaintiff's damages alleged herein because its

2 | official policies, practices, and/or customs were, either in whole or in part, the legal and

3 | proximate cause of Plaintiff's damages. Defendant COUNTY OF SACRAMENTO is also

4 | vicariously responsible for the actions of its employees which legally and proximately

5 | caused Plaintiff's damages, including, but not limited to, those employees working at the

6 | Sacramento Main Jail, Rio Cosumnes Correctional Center, and Sacramento County

7 | Sheriff's Department.

8 | 3.     The true names and capacities of defendants sued herein as DOES 1-50,

9 | inclusive, are unknown to Plaintiff at this time and therefore Plaintiff sues those

10 | defendants by such fictitious names. Plaintiff will seek leave to amend the Complaint to

11 | allege their true names and capacities when those names have been ascertained.

12 | 4.     Defendant and DOES 1-50, and each of them, at all times herein

13 | mentioned, were the agents and employees of their co-defendants and in doing the things

14 | hereinafter alleged were acting within the course and scope of such agency and with the

15 | permission, consent, knowledge, and ratification of their co-defendants.

16 | **JURISDICTION, VENUE AND ADMINISTRATIVE REQUIREMENTS**

17 | 5.     Plaintiff hereby adopts and incorporates by reference paragraphs 1

18 | through 4, inclusive, and repleads the allegations contained therein as though fully set

19 | forth herein.

50 | 6.     All of the actions and events alleged herein occurred in the County of San

21 | Sacramento and therefore the Sacramento County Superior Court is the proper venue for

22 | this action.

2

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    7.    Plaintiff has exhausted his administrative remedies. On or about May 8,

2   2019, Plaintiff served Defendant COUNTY OF SACRAMENTO with a "Claim Against

3   the County of Sacramento" by certified mail with return receipt in conformity with the

4   California Government Code. Subsequently, on or about July 24, 2019, Defendant

5   COUNTY OF SACRAMENTO served a "Notice of Rejection of Claim" on Plaintiff's

6   counsel by regular United States mail.

7                    **FACTS COMMON TO ALL CAUSES OF ACTION**

8    8.    Plaintiff hereby adopts and incorporates by reference paragraphs 1

9   through 7, inclusive, and repleads the allegations contained therein as though fully set

10   forth herein.

11    9.    On or about March 21, 2019, Plaintiff was arrested within the City of

12   Folsom, County of Sacramento, by a California State Parks peace officer for operating a

13   vehicle while allegedly under the influence of alcohol. Plaintiff was transported to the

14   Sacramento Main Jail where he was booked for alleged violations of California Vehicle

15   Code §§ 23152(a) and 23152(d). The matter was assigned XREF # 3110039. Curiously,

16   after testing, Plaintiff was advised at the Sacramento Main Jail that his blood alcohol

17   level did not exceed the respective legal limits for operating a motor vehicle.

18    10.    Plaintiff remained incarcerated for five (5) days at the Sacramento Main

19   Jail. Plaintiff was then transferred to the Rio Cosumnes Correctional Center (RCCC)

50   where he remained incarcerated for an additional twenty-two (22) days. At no time

21   during Plaintiff's incarceration was Plaintiff ever brought before a judge or provided any

22   type of procedural due process including, but not limited to, arraignment, bail hearing, or

3

1    probation revocation hearing. Moreover, during his incarceration, Plaintiff was advised

2    by another inmate that Plaintiff's case had been called by a judge while that inmate was

3    present in the Sacramento Superior Court on another matter.

4        11.    On or about April 16, 2019, Plaintiff was advised by the staff at RCCC that

5    he was being released. Plaintiff was never provided any reason or explanation for his

6    extended incarceration, and, to date, Plaintiff has never been charged with any crimes

7    arising from his arrest.

8                    **FIRST CAUSE OF ACTION**
                  **False Arrest/False Imprisonment**
9                **(Against Defendant and DOES 1-50)**

10       12.    Plaintiff hereby adopts and incorporates by reference paragraphs 1

11   through 11, inclusive, and repleads the allegations contained therein as though fully set

12   forth herein.

13       13.    Plaintiff was held in custody by Defendant COUNTY OF SACRAMENTO

14   and DOES 1-50, and each of them, for approximately twenty-seven (27) days without

15   ever having been brought before a judge, or without having been provided any type of

16   procedural due process including, but not limited to, arraignment, bail hearing, or

17   probation revocation hearing.

18       14.    There was an unnecessary delay in releasing Plaintiff from custody.

19   However, at no time did Plaintiff consent to the delay. Plaintiff was actually harmed as a

50   result of the delay.

21       15.    The conduct of Defendant and DOES 1-50, and each of them, was a

22   substantial factor in causing Plaintiff's harm.

4

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    16.    Defendant and DOES 1-50, and each of them, is vicariously liable for the

2  acts of its employees pursuant to California Government Code § 815.2(a). Moreover,

3  public employees do not have immunity for false imprisonment. California Government

4  Code § 820.4.

5    17.    As a further direct and proximate result of the conduct by Defendant and

6  DOES 1-50, and each of them, Plaintiff has suffered financial loss, extreme emotional

7  distress, mental anguish, outrage, frustration, severe anxiety, damage to his reputation,

8  embarrassment, and the disruption of his personal life. Plaintiff is therefore entitled to

9  recover economic and non-economic damages from Defendant and DOES 1-50, and

10  each of them, in amounts according to proof at trial.

11                         **SECOND CAUSE OF ACTION**
      **Violation of Civil Rights Resulting in False Arrest/False Imprisonment**
12                         **Violation of 42 U.S.C. § 1983**
                           **(Against Defendant and DOES 1-50)**
13

14    18.    Plaintiff hereby adopts and incorporates by reference paragraphs 1

15  through 17, inclusive, and repleads the allegations contained therein as though fully set

16  forth herein.

17    19.    In committing the acts complained of herein, Defendant COUNTY OF

18  SACRAMENTO and DOES 1-50, and each of them, acted under color of state law to

19  deprive Plaintiff of his constitutionally protected rights as provided by the Constitution of

     the United States including, but not limited to: (a) the right not to be deprived of liberty

50  without due process of law; and (b) the right to be free from false arrest and

21  imprisonment.

22

5

1    20.    In violating Plaintiff's rights as set forth above, Defendant COUNTY OF

2  SACRAMENTO and DOES 1-50, and each of them, acted under color of state law to

3  falsely arrest and falsely imprison Plaintiff and then deprive Plaintiff liberty without due

4  process of law.

5    21.    As a direct and proximate result of the violation of 42 U.S.C. § 1983 by

6  Defendant COUNTY OF SACRAMENTO and DOES 1-50, and each of them, Plaintiff

7  has suffered financial loss, extreme emotional distress, mental anguish, outrage,

8  frustration, severe anxiety, damage to his reputation, embarrassment, and the

9  disruption of his personal life. Plaintiff is therefore entitled to recover economic and non-

10  economic damages from Defendant and DOES 1-50, and each of them, in amounts

11  according to proof at trial.

12    22.    In bringing this action, Plaintiff has been required to retain the services of

13  counsel and is therefore entitled to an award of attorney's fees and costs pursuant to 42

14  U.S.C. § 1988.

15                            **THIRD CAUSE OF ACTION**
                **Violation of Civil Rights Based on Unlawful Custom and Practice**
16                            **Violation of 42 U.S.C. § 1983**
                            **(Against Defendant and DOES 1-50)**

17

18    23.    Plaintiff hereby adopts and incorporates by reference paragraphs 1

19  through 22, inclusive, and repleads the allegations contained therein as though fully set

     forth herein.

50    24.    Defendant COUNTY OF SACRAMENTO and DOES 1-50, and each of

21  them, is, and at all times herein mentioned has been, a public entity and an

22  incorporated municipality duly authorized and existing as such in and under

                                          6

                    COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1 the laws of the State of California; and at all times herein mentioned, Defendant

2 COUNTY OF SACRAMENTO and DOES 1-50, and each of them, possessed the power

3 and authority to adopt policies and prescribe rules, regulations and practices affecting

4 the operation of the Sacramento Main Jail, RCCC, and the Sacramento County Sheriff's

5 Department, including applicable tactics, methods, practices, customs and usages

6 related to internal investigations, personnel supervision and records maintenance, and

7 the proper uses of force by its rank and file, generally.

8     25.    At all times herein mentioned, employees of the Sacramento Main Jail,

9 RCCC, and Sacramento County Sheriff's Department were acting under the direction

10 and control of Defendant COUNTY OF SACRAMENTO and DOES 1-50, and each of

11 them, who knowingly and intentionally promulgated, maintained, applied, enforced and

12 suffered the continuation of policies, customs, practices and usages in violation of the

13 Constitution of the United States, which customs, policies, practices and usages at all

14 times herein mentioned required and encouraged the employment, deployment and

15 retention of persons as peace officers who have demonstrated their dishonesty and

16 other serious abuses of their powers as peace officers in the employment of Defendant

17 COUNTY OF SACRAMENTO and DOES 1-50, and each of them.

18     26.    The unconstitutional policies, practices or customs promulgated,

19 sanctioned or tolerated by Defendant COUNTY OF SACRAMENTO and DOES 1-50,

50 and each of them, and its employees, include, but are not limited to, depriving those in

21 custody of liberty without due process of law; and violating the rights of those in custody

22 to be free from false arrest and imprisonment.

1     27.    By reason of the aforesaid policies, customs, practices and usages,

2 Plaintiff was deprived of his rights under the United States Constitution.

3     28.    As a direct and proximate result of the violation of 42 U.S.C. § 1983 by

4 Defendant COUNTY OF SACRAMENTO and DOES 1-50, and each of them, as herein

5 alleged, Plaintiff has suffered financial loss, extreme emotional distress, mental anguish,

6 outrage, frustration, severe anxiety, damage to his reputation, embarrassment, and the

7 disruption of his personal life. Plaintiff is therefore entitled to recover economic and non-

8 economic damages from Defendant and DOES 1-50, and each of them, in amounts

9 according to proof at trial.

10     29.    In bringing this action, Plaintiff has been required to retain the services of

11 counsel and is therefore entitled to an award of attorney's fees and costs pursuant to 42

12 U.S.C. § 1988.

13    **RELIEF REQUESTED**:

14    Plaintiff prays that this Court award damages and provide relief as follows:

15          A. General damages according to proof;

16          B. Special damages according to proof;

17          C. Reasonable attorney's fees and costs, according to proof;

18          D. For such other and further relief as the Court may deem just

19             and proper.

50 Dated this 14th day of January 2020.    **CABLE LAW, APC**

21                         By:

22                         Keith D. Gable, Esq.
                           Attorney for Plaintiff
                           TAYLOR BROPHY

8

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial for all claims which a jury is permitted.

3

Dated this 14th day of January 2020.   **CABLE LAW, APC**

4

By: _____

5

Keith D. Cable, Esq.
Attorney for Plaintiff

6

TAYLOR BROPHY

7

8

9

10

11

12

13

14

15

16

17

18

19

50

21

22

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**SUM-100**

# SUMMONS
*(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COUNTY OF SACRAMENTO and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TAYLOR BROPHY

| FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
| --- |
| Superior Court Of California, Sacramento |
| 01/15/2020 |
| apenn |
| By_____, Deputy |
| Case Number: |
| **34-2020-00273451** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Sacramento County Superior Court<br><br>720 Ninth Street, Sacramento, CA 95814 | CASE NUMBER:<br>*(Número del Caso):* |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Keith D. Cable, Esq., CABLE LAW, APC 101 Parkshore Dr., # 100, Folsom, CA 95630, 916-608-7995

| DATE: **JAN 1 5 2020**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | A. Penn | , Deputy<br>*(Adjunto)* |
| --- | --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
| --- | --- | --- |

RECEIVED
CIVIL DROP BOX

2020 JAN 15   PM 12: 02

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KEITH D. CABLE, ESQ. (SBN 170055)<br>CABLE LAW, APC<br>101 PARKSHORE DRIVE, STE. 100<br>FOLSOM, CA 95630<br>TELEPHONE NO: 916-608-7995    FAX NO: 916-608-7986<br>ATTORNEY FOR *(Name):* Plaintiff TAYLOR BROPHY | **FILED**<br>**Superior Court Of California,**<br>**Sacramento**<br>**01/15/2020**<br>apenn<br>By _____ , Deputy<br>**Case Number:**<br>**34-2020-00273451** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO
STREET ADDRESS: 720 NINTH STREET
MAILING ADDRESS: 720 NINTH STREET
CITY AND ZIP CODE: SACRAMENTO, CA 95814
BRANCH NAME:

CASE NAME:
TAYLOR BROPHY v. COUNTY OF SACRAMENTO, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount     (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: JANUARY 14, 2020

KEITH D. CABLE, ESQ.
_____     _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO**<br><br>STREET ADDRESS:  720 Ninth STREET<br><br>MAILING ADDRESS:  720 Ninth STREET<br><br>CITY AND ZIPCODE:  Sacramento, CA 95814-1311<br><br>BRANCH NAME:  Gordon D Schaber Courthouse<br><br>PHONE NUMBER:  (916) 874-5522 | *FOR COURT USE ONLY* |
| **SHORT TITLE:**  Brophy vs. County of Sacramento | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br><br>34-2020-00273451-CU-CR-GDS |

## Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM on 07/16/2020 in Department  43  in accordance with California Rules of Court 212.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

## Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

## Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

## Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

## Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

## Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

## Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**                                    **Page: 1**

**Compliance**

Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**

Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 01/16/2020

_____

Thadd A. Blizzard, Judge of the Superior Court